B 2500A (Form 2500A (12/15)

# United States Bankruptcy Court
## Western District of Virginia

| | | |
|---|---|---|
| In re  Sue Mifka Stotts                    , ) | Case No.   16-61788 |
|              Debtor                         ) | |
|                                             ) | Chapter   13 |
|                                             ) | |
| Charles Kabbash                             ) | |
|              Plaintiff                      ) | |
|         v.                                  ) | Adv. Proc. No. 17-06002 |
|                                             ) | |
| Sue Mifka Stotts                            ) | |
|              Defendant                      ) | |

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

  Address of the clerk: JOHN W L CRAIG, II
            U S BANKRUPTCY COURT
            210 CHURCH AVE, SW
            ROANOKE, VA 24011

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

  Name and Address of Plaintiff's Attorney: ~~Joseph W. Wright, III~~ Kyle E. Main, Jr.  DYGERT, WRIGHT, HOBBS & HEILBERG
                      415 Fourth Street NE
                      Charlottesville, VA  22902

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012. The motion or answer to the complaint shall contain a statement that the defendant does or does not consent to entry of final orders or judgment by the bankruptcy court.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                 John W. L. Craig, II (Clerk of the Bankruptcy Court)

                By:   /s/Dixie Smith
Date: Jan 13, 2017               (Deputy Clerk)



B 2500A (Form 2500A) (12/15)

## CERTIFICATE OF SERVICE

I, _Kyron E. Main, Jr._ (name), certify that service of this summons and a copy of the complaint was made _January 17, 2017_ (date) by:

☒ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

_See Attached List_

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _January 17, 2017_    Signature _[signature]_

Print Name: _Kyron E. Main, Jr._

Business Address: _415 Fourth Street, NE_
_Charlottesville, VA 22902_

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF VIRGINIA

*In re Sue Mifka Stotts,*

                                                                 Case No. 16-61788

            Debtor.                             Chapter

_____

Charles Kabbash,

            Plaintiff,

v.                                                    Adversary Proceeding
                                                      No. 17-06002

Sue Mifka Stotts,

            Defendant.

### List Of Individuals Served With Summons And Complaint

Sue Mifka Stotts
14043 Jefferson Highway
Bumpass, Virginia 23024

Steven Shareff, Esquire
P.O. Box 729
Louisa, Virginia 23093

Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, Virginia 22902

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| In re:<br><br>SUE MIFKA STOTTS,<br><br>Debtor. | Case No. 16-61788<br><br>Chapter 13 |
| CHARLES KABBASH<br>t/a 414 Associates,<br><br>Plaintiff,<br><br>v.<br><br>SUE MIFKA STOTTS,<br><br>Defendant. | Adversary Proceeding No. 17-06002 |

## COMPLAINT

Comes now Plaintiff, Charles Kabbash, t/a 414 Associates, by counsel, and respectfully represents unto this Court as follows:

### Parties and Jurisdiction

1. Charles Kabbash is a natural person over the age of eighteen and a resident of the Western District of Virginia.

2. The Defendant, Sue Mifka Stotts, is a natural person over the age of eighteen and a resident of the Western District of Virginia. She filed a Chapter 13 bankruptcy petition in this

Court on September 7, 2016 and is the Debtor in that proceeding. She will also be referred to as the Debtor in this proceeding.

3. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157, 28 U.S.C § 1334 and 11 U.S.C. § 523.

4. This adversary proceeding is a core matter.

5. Plaintiff is a secured creditor in the above referenced Chapter 13 bankruptcy proceeding.

6. Pursuant to Fed. R. Bankr. P. 7001(2) an action to determine the extent of a debtor's interest in property is an adversary proceeding.

Facts

7. Plaintiff is a secured creditor in the Chapter 13 proceeding. He holds a judgment against Debtor in the amount of $4,895.00 with interest thereon at the rate of 12% per amnum from March 31, 1998. The judgment is secured by a judgment lien against the real property of Debtor located in Louisa County, Virginia and known as 14043 Jefferson Highway, Bumpass, Virginia. The judgment was docketed in the Clerk's Office of the Circuit Court of Louisa County, Virginia on April 16, 1998 in Judgment Lien Book 17 at Page 341. As of October 31, 2016 the balance due on the judgment was $15,468.20.

8. Debtor and Donald Stotts are co-owned of a parcel of real estate located in Louisa County, Virginia, known as 14043 Jefferson Highway, Bumpass, Virginia (the "Property"). When the Debtor and Donald Stotts purchased the Property on January 2, 1991, they were married and acquired the Property as tenants by the entirety. On December 12, 1996, they were divorced, thus terminating the tenancy by the entirety under Virginia law

and converting the tenancy into a tenancy in common, with each owning an undivided one-half interest.

9. Pursuant to a Contract of Purchase and Sale dated March 2, 2009 (the "Contract"), Donald Stotts agreed to convey his interest in the Property to Debtor upon her "complete payment" of a promissory note in the amount of $104,000.00 accompanying the transaction.

10. The Debtor defaulted on the promissory note, and Donald Stotts brought suit in Louisa County Circuit Court against the Debtor. On April 8, 2015, the Louisa County Circuit Court entered judgment in favor of Donald Stotts and against the Debtor in the amount of $59,209.81 with interest thereon at the rate of 6% per year from March 25, 2015.

11. Under Virginia law, once docketed, the judgment created a lien in favor of Donald Stotts against the Debtor's interest in the Property.

12. A number of other creditors have docketed judgments against the Debtor in the Louisa County Circuit Court resulting in liens in favor of these creditors against the Debtor's interest in the Property. These liens are set forth in Schedule D accompanying the Debtor's Chapter 13 petition. The Plaintiff has no independent knowledge of the validity or value of any of these liens.

13. The Property was recently appraised at a value of $109,000.00. Though the appraisal is dated December 7, 2016, Plaintiff believes that this accurately reflects the value of the Property as of the date of the filing of the Chapter 13 proceeding in this case. The tax assessed value of the Property is $134,200.00. In her petition, Debtor valued the Property at $80,000.00.

14. Debtor's amended Chapter 13 plan proposes to "Cram Down" the value of Plaintiff's secured claim to $5,002.00 with interest at 4% per annum. Plaintiff has filed a proof of claim and an objection to Debtor's plan in the Chapter 13 proceeding.

### Count I – Valuation of the Property

15. Plaintiff alleges, based on the recent appraisal, that the fair market value of the Property is $109,000.00.

### Count II – Determination of the Debtor's Interest in the Property

16. Debtor incorrectly asserts in her schedules that she owns only a 50% interest in the Property. After her divorce from Donald Stotts, Debtor owned an undivided one-half interest in the Property. Subsequent to the divorce, Debtor sought and obtained a ruling from the Louisa County Circuit Court in the case of *Donald G. Stotts, Plaintiff v. Sue M. Stotts, Defendant*, Case No. CL15-291, that Donald Stotts is not the "real, beneficial owner of the [P]roperty". The order embodying this ruling was entered on August 3, 2016. The legal effect of this ruling was to make Debtor the owner of 100% of the legal and beneficial interest in the Property.

### Count III-Determination of Plaintiff's Claim

17. Plaintiff is a secured creditor.

18. If Debtor owns 100% of the legal and beneficial interest in the Property, then its value is sufficient to pay the claim of Plaintiff in full.

19. Even if Debtor owns 50% of the legal interest, and 100% of the beneficial interest, in the Property, then its value is still sufficient to pay the claim of Plaintiff in full.

4

Wherefore Plaintiff prays that the value of the Property be determined to be $109,000.00, that the legal and beneficial interest of Defendant in the Property be determined to be 100%, that the claim of Plaintiff be allowed in full, without reduction in either principal or interest, and that Plaintiff have such other and further relief as may be necessary in the premises.

                **CHARLES KABBASH**

                t/a 414 Associates

                By:  Ralph E. Main, Jr.

                _____

                Counsel

Ralph E. Main, Jr.
VSB # 13320
Dygert, Wright, Hobbs & Heilberg, PLC
415 Fourth Street, N.E.
Charlottesville, Virginia 22902
Telephone:    434-979-5515
Facsimile:    434-295-7785
rmain@charlottesvillelegal.com
Counsel for Plaintiff

5