IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg (Charlottesville) Division

In re: SUE MIFKA STOTTS, Debtor.   Case No. 16-61788 Chapter 13

CHARLES KABBASH, Plaintiff

v.

SUE MIFKA STOTTS, et al Defendants   Adversary No. 17-06002

---

DONALD G. STOTTS, Plaintiff

v.

SUE MIFKA STOTTS, et al Defendants   Adversary No. 17-06005

## BRIEF OF DEFENDANT SUE MIFKA STOTTS

### STATEMENT OF FACTS

Following entry of a divorce decree, Donald G Stotts and Sue Mifka Stotts, formerly husband and wife, owned property located at 14043 Jefferson Highway, Bumpass, Virginia as tenants in common. On or about March 2, 2009 Donald Stotts entered into a written land contract to sell his interest to Sue Stotts for $105,000, which was payable by Sue Stotts in installments payments. Upon default in payment, Donald Stotts obtained a judgment against Sue Stotts for $59,209.81 in Louisa Circuit Court (Complaint pars 1-6)

Donald Stotts then filed a complaint in Louisa Circuit Court, seeking to partition the real estate. Sue Stotts filed a plea in equity, asserting that, in equity, Donald Stotts is not a coparcener, because under the doctrine of equitable conversion, he stands in equity as trustee while Sue Stotts is the beneficial owner (Plea in Equity). The circuit court agreed, dismissing the partition action and holding that the "plaintiff in equity is not the real beneficial owner of the property" (Final Order).

### ARGUMENT

Kabbash asserts that as a result of the circuit court decree stating that Donald Stotts "is not the real beneficial owner of the property"Sue Stotts owns a 100% interest in the property, not a 50% interest as a tenant in common at law. However, Kabbash erroneously applies the circuit court holding out of its limited context.

The doctrine of equitable conversion is a creature of the courts of chancery. Bauserman v. Digiulian, 224 Va. 414, 297 S.E.2d 671, 671 (1982). It is based on the presumed intention of the owner of the property and on the maxim that equity regards as done what ought to be done. Id.. As stated in Clay v. Landreth, 187 Va. 169, 174 (1948):

> It does not exist as a matter of right and is not applicable to all circumstances. It is a fiction invented by courts of equity to be applied only when necessity and justice require its exercise. When it arises from a contract, as distinguished from a will, the general rule is that the legal fiction is based upon the

presumed intent of the parties. The doctrine of equitable conversion is altogether a doctrine of equity and depends wholly upon the rules of equity. Its real purpose is is to give effect to the manifest intent of the .... vendor and to treat that as done....that which by previous contract with another both have mutually bound themselves to do.

In the circuit court case, Donald Stotts could not obtain partition because he had promised in the contract of sale to sell the property to Sue Stotts. The parties to the contract did not intend for Donald Stotts to partition the property he had agreed to sell to Sue Stotts. Because of this presumed intention, a court in equity treated him as holding title for Sue Stotts and not the beneficial owner.

The circuit court order denying partition does not mean that Donald Stotts is no longer the legal owner for all purposes. The circuit court did not rule that he forfeited his legal title to an undivided one half interest of the property the property. The circuit court likewise did not rule that Sue Stotts' judgment creditors could attach their judgment liens to his separate interest in the property, as Kabbash is attempting to do here. In alleging that Sue Stotts is the sole fee owner of the property, Kabbash erroneously extends and misapplies the order beyond its intended scope.

28 USC section 1334(c)(1) authorizes the bankruptcy court, in the interest of justice, or in the interest of comity with State courts or respect of State law, to abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. In the present case, state law will determine the application of the doctrine of equitable conversion to Sue Stotts ownership interest in the property. Moreover, the state court is in the best position to interpret and apply its own order And there is no federal question jurisdiction over this property dispute. Under these circumstances, abstention is appropriate. See In re Webber, Case No. 15-70705 (W.D. Va. Roanoke Divisions (April 7, 2016))

/s/Steven Shareff
VSB#24323
PO Box 729
Louisa, VA 23093
(540) 748-2176
sresearch39@aol.com
Counsel for Sue Stotts

Certificate of Service

I hereby certify that I served a copy of the foregoing on all parties and the chapter 13 trustee this 7th day of March, 2017.

/s/ Steven Shareff

VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF LOUISA

DONALD G. STOTTS

        Plaintiff,

v.                                     CASE NO.: _____

SUE M. STOTTS,

Serve:

Sue M. Stotts
14043 Jefferson Highway
Bumpass, VA 23024
(LOUISA COUNTY)

Eastern Assignment Corporation
c/o Greenberg Law Firm
305 West Campbell Avenue
Roanoke, VA 24016
(CITY OF ROANOKE)

Wells Fargo Advisors, LLC, Successor by
merger to Central Fidelity National Bank
Corporation Service Company
Bank of America, 16th Floor
111 East Main Street
Richmond, VA 23219
(CITY OF RICHMOND)

Jefferson Supply Company
Ralph L. Hathaway, Registered Agent
2390 Hunter's Way
Charlottesville, VA 22906
(ALBEMARLE COUNTY)

First Virginia Bank Colonial
S. Anderson Hughes, Registered Agent
700 East Main Street, Suite 203
Richmond, VA 23219
(CITY OF RICHMOND)

Charles Kabbash
t/a 414 Associates
308 E. Market St.
Charlottesville, VA 22902
(CITY OF CHARLOTTESVILLE)

Pease Industries, Inc., d/b/a Roto-Rooter Plumbing
John J. Trexler, Esq., Registered Agent
Hairfield Morton, et al
2800 Buford Road, Suite 201
Richmond, VA 23235
(CHESTERFIELD COUNTY)

      Defendants.

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and for his Complaint respectfully states as follows unto the Court:

1. Plaintiff Donald G. Stotts and Defendant Sue M. Stotts are the current owners of a certain tract of land located in Louisa County, Virginia, known as 14043 Jefferson Highway, Bumpass, Virginia 23024 (sometimes also referred to as the "Property" or the "Real Estate", collectively) and more particularly described as follows:

> All that certain lot containing 6.00 acres as shown on a certain plat of survey made by Hart & Bell, C.L.S., dated December 15, 1977, said plat being recorded in the Louisa County Circuit Court Clerk's Office in Deed Book 211, page 268. Less and except a 17.5' x 17.5' cemetery together with right of ingress and egress thereto, as approximately shown on said plat of survey, said cemetery and right of ingress and egress being expressly reserved from this conveyance. Reference is made to the said plat for a more accurate description of the real estate and the metes and bounds thereof. Being the same property conveyed by deed dated January 2, 1991 to Donald G. Stotts and Sue M. Stotts, husband and wife, as tenants

by the entireties and recorded in the Clerk's Office of the Circuit Court of Louisa County, Virginia in Deed Book 394, page 845.

A copy of said deed is attached hereto as Exhibit "A" and made a part of this complaint.

2. Pursuant to the Final Decree of Divorce of the parties entered by the Louisa County Circuit Court on December 12, 1996 in Chancery File No. 5242, the tenancy by the entireties of the Plaintiff and Defendant was terminated by operation of law. At all times since the entry of the Final Decree of Divorce the Plaintiff and Defendant have each owned an undivided one-half interest in the Property as tenants in common.

3. On or about March 2, 2009, Plaintiff and Defendant entered into a written contract of purchase and sale for the Property. Under the terms and conditions of the Contract, Plaintiff agreed to sell all his interest and Defendant agreed to purchase Plaintiff's interest in said Real Estate for the sum of One Hundred and Five Thousand Dollars ($105,000.00). A copy of the Contract is attached hereto as Exhibit "B" and made a part of this complaint.

4. On or about March 2, 2009, Defendant promised to pay to the order of Plaintiff the principal sum of One Hundred Four Hundred Thousand ($104,000.00). Said promise was evidenced by a promissory note (the "Note") signed by Defendant on April 1, 2009. Plaintiff was to deliver a deed conveying his ownership interest in the Property to Defendant upon complete

3

payment of the Note. A copy of said Note is attached hereto as Exhibit "C" and made a part of this complaint.

5. Defendant has failed to pay Plaintiff pursuant to the terms of the Note.

6. On April 8, 2015, the Louisa County Circuit Court ordered that Plaintiff recover and have judgment against Defendant due to Defendant's default under the Note in the amount of Fifty Nine Thousand Two Hundred Nine and 81/100 Dollars ($59,209.81) with interest thereon at the rate of 6 percent per annum thereon from March 25, 2015 until paid, plus court costs of $306.00. A copy of said judgment is attached hereto as Exhibit "D" and made a part of this complaint.

7. Since the date of the April 8, 2015 judgment, the Taxing Authority Consulting Services, P.C. ("TACS") has sent to Plaintiff notices of intent to pursue legal action for past due taxes owed by Defendant on the Property.

8. Plaintiff has requested that Defendant voluntarily agree to enter into a contract to sell the Real Estate with a local agent as a means to resolve this matter without the further intervention of the Court. Defendant has been unresponsive to this request.

9. That partition of the Property in kind cannot be conveniently made as the Property consists of 6.00 acres with improvements thereon assessed by the Commissioner of Revenue for Louisa County for the purpose of taxation at a value of $133,900.00, a copy of which assessment is attached hereto as Exhibit "D" and made apart of this complaint.

4

10. Plaintiff respectfully alleges that the best interests of all interested parties would be promoted by a sale of said Real Estate.

WHEREFORE, Plaintiff prays that the Court issue an order (1) adjudicating that partition in kind of this real estate among the parties entitled hereto cannot be conveniently made, that neither interested party is willing or able to buy the share of the other and that the interests of the parties entitled to share in this real estate would be promoted by a sale thereof; (2) directing a sale of said real estate in such a manner as to yield the best price and, directing that the net proceeds, after payment of costs and expenses of the suit and sale, be divided among the parties to this action according to their respective rights and interests; (3) that Plaintiff be reimbursed for the costs and attorney's fees expended in this proceeding out of Defendant's pro rata share, if any; and (4) and that Plaintiff may have such other and further relief as the Court deems warranted.

Respectfully Submitted,

DON STOTTS,
By Counsel

_____
John David Gibson
V.S.B. #82894
Counsel for Plaintiff
PO Box 2061
115 W. Main St., Suite 4
Louisa, Virginia 23093
(540) 967-1155
FAX (540) 967-2898

5

## CERTIFICATE

I hereby certify that a true copy of the foregoing was mailed, U.S. mail, postage pre-paid, to the following on this 29th day of October 2015.

John David Gibson

Sue M. Stotts
14043 Jefferson Highway
Bumpass, VA 23024

Eastern Assignment Corporation
c/o Greenberg Law Firm
305 West Campbell Avenue
Roanoke, VA 24016

Wells Fargo Advisors, LLC, Successor by merger to Central Fidelity National Bank
Corporation Service Company
Bank of America, 16th Floor
111 East Main Street
Richmond, VA 23219

Jefferson Supply Company
Ralph L. Hathaway, Registered Agent
2390 Hunter's Way
Charlottesville, VA 22906

First Virginia Bank Colonial
S. Anderson Hughes, Registered Agent
700 East Main Street, Suite 203
Richmond, VA 23219

Charles Kabbash
t/a 414 Associates
308 E. Market St.
Charlottesville, VA 22902

Pease Industries, Inc., d/b/a Roto-Rooter Plumbing
John J. Trexler, Esq., Registered Agent
Hairfield Morton, et al
2800 Buford Road, Suite 201
Richmond, VA 23235

6

**VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF LOUISA**

**DONALD G. STOTTS,**
**Plaintiff**

**CR15-291**

v.

**SUE M. STOTTS et al**
**Defendant**

## PLEA IN EQUITY

**Comes now** the defendant Sue M. Stotts, and as and for her plea in equity, states as follows:

1. The defendant incorporates the allegations of the complaint seriatem.
2. Having elected to affirm the contract of sale and obtain a judgment for the purchase price, then under the doctrine of equitable conversion, the plaintiff stands in equity as the owner of the land and the plaintiff as the mere trustee for him. Therefore the plaintiff is not in equity a coparcener and cannot obtain partition.
3. Furthermore, under the doctrine of election of remedies, the plaintiff should not be entitled to recovery for both the purchase money at law and the equity in the land in partition, these being inconsistent remedies.

**Wherefore** defendant prays that the complaint for partition be dismissed.

---

Steven Shareff, Esquire
VSB#24323
PO Box 729
Louisa, Va. 23093
(540) 748-2176

**VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF LOUISA**

DONALD G. STOTTS,
Plaintiff

CL
CR15-291

v.

SUE M. STOTTS et al
Defendant

### FINAL ORDER

This case came before the Court for hearing on the plea in equity filed by the Defendant, Sue M. Stotts. Upon consideration of the evidence and the argument of counsel, the Court finds that the plaintiff in equity is not the real, beneficial owner of the property. It is therefore ORDERED that the plea in equity is sustained, and this case is dismissed with prejudice.

Entered this 3rd day of August, 2016.

_____
JUDGE

I ASK FOR THIS:

_____
Steven Shareff, Esquire
VSB#24323
PO Box 729
Louisa, Va. 23093
(540) 748-2176
Counsel for the Defendant

SEEN AND OBJECTED TO:

_____
John David Gibson, Esquire
VSB#82894
PO Box 2061
Louisa, VA 23093
(540) 967-1155
Counsel for the Plaintiff

