IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

*In re:* SUE MIFKA STOTTS,
        Debtor

Chapter 13
Case No. 16-61788

---

CHARLES KABBASH,
        Plaintiff,

v.                                                                                  Adversary Proceeding No. 17-06002

SUE MIFKA STOTTS *et al,*
        Defendants.

---

DONALD G. STOTTS,
        Plaintiff,

v.                                                                                  Adversary Proceeding No. 17-06005

SUE MIFKA STOTTS *et al,*
        Defendants.

---

## BRIEF OF CHARLES KABBASH

### STATEMENT OF FACTS

Donald G. Stotts and Sue M. Stotts, husband and wife, owned improved real property in Louisa County, Virginia known as 14043 Jefferson Highway, Bumpass, Virginia 23024 (the "Property") as tenants by the entirety with common law rights of survivorship.

They were divorced by decree of the Louisa County Circuit Court entered on December 12, 1996, whereupon the ownership of the Property was converted into a tenancy in common by operation of law.

1

Kabbash obtained judgment against Sue Stotts for $4,895.00 with interest at 12% from March 31, 1998. That judgment was docketed in Louisa County Circuit Court on April 6, 1998 in Judgment Lien Book 17 at Page 341. No part of that judgment has been paid.

Thereafter Sue Stotts contracted, in writing, to purchase Donald Stott's interest in the Property for the sum of $104,000.00, with the deed to be delivered upon payment of the contract price. The purchase price was evidenced by a promissory note.

Sue Stotts defaulted on the note payments, and Donald Stotts obtained judgment against her in the Louisa County Circuit Court for $59,209.81 on April 8, 2015.

Donald Stotts subsequently filed suit in Louisa County Circuit Court seeking to partition the Property. Sue Stotts filed a plea in equity, asserting that under the doctrine of equitable conversion, Donald Stotts held his interest in the Property as trustee for Sue Stotts since he elected to affirm the contract and obtain judgment for the purchase price. The Circuit Court sustained the plea, finding that Donald Stotts (the plaintiff in equity) is not the "real, beneficial owner of the property".

Kabbash and other creditors sought to subject the interest of Sue Stotts in the Property to the lien of their judgments by filing suit in Louisa County Circuit Court. Sue Stotts then filed this Chapter 13 proceeding, in which she claims to own only a one-half interest in the Property. Kabbash and Donald Stotts filed adversary proceedings asking this Court to determine what interest Sue Stotts has in the Property, to determine the value of the Property, and to determine whether the value of the Property is sufficient to satisfy the full claims of secured creditors. The Court requested briefs from the parties addressing the ownership issue and the question of whether this Court should make that decision or send the case back to the Louisa County Circuit Court for determination of that issue.

QUESTION ONE

What ownership interest does Sue Stotts have in the Property?

Sue Stotts owns 100% of the interest in the Property.

Upon entry of the decree of divorce, she became the owner of an undivided one-half interest in the Property as a tenant in common with Donald Stotts. As a result of equitable conversion, she became the owner of his one-half interest in the Property.

Equitable conversion is an equitable principle of long standing in the Commonwealth. "… as soon as a valid contract is made for the sale of an estate, equity considers the buyer as the owner of the land and the seller as trustee for him; and, on the other hand, it considers the seller as the owner of the money, and the buyer is trustee for him". *Clay v. Landreth,* 187 Va. 169, 173, 45 S.E. 2d 875 (1948). Thus Sue Stotts in effect became owner of the entire Property when she contracted to purchase the interest of Donald Stotts, and the Circuit Court subsequently ruled that equitable conversion had taken place. Conversion has taken place for legal purposes even though Donald Stotts has not actually deeded his interest to Sue Stotts. At this point he holds his legal title in trust for her. Execution and delivery of the deed may be ordered by this Court, as Donald Stotts is before this Court and his lack of ownership in the Property has already been decided by the Louisa County Circuit Court.

An example of the operation of the doctrine of equitable conversion can be found in *Miller v. Kemp,* 157 Va. 178, 160 S.E. 203 (1931). In that case a party contracted to purchase land. At the time of contracting, a judgment had been docketed against that party. The party subsequently joined in a deed conveying the property to another buyer for the purpose of conveying his contract rights. The Virginia Supreme Court ruled that equitable conversion had

3

occurred, and that the equitable interest of the original contract purchaser was subject to the judgment lien.

## QUESTION TWO

<u>Does Kabbash's judgment lien attach to Sue Stott's equitable interest in the Property?</u>

That question must be answered in the affirmative.

Section 8.01-458 of the Code of Virginia, 1950, as amended, provides that a judgment shall be a lien on all the real estate to which the judgment defendant is or becomes possessed or entitled from the time the judgment is docketed in the circuit court clerk's office of the locality where the property is located.

The lien attaches to property where the judgment debtor holds only equitable title. *See Miller v. Kemp, supra.*

## QUESTION THREE

<u>Is all of the interest of Sue Stotts in the Property, both legal and equitable, an asset of the Bankruptcy Estate?</u>

11 United States Code § 541(a) provides that the commencement of a case creates an estate comprised of all legal or equitable interests of the debtor in property, wherever located and by whomever held. This definition certainly encompasses Sue Stott's legal and equitable interest in the Property, and her combined interests equal 100% of the Property interests.

## QUESTION FOUR

<u>Should the Court abstain from making determining what interest Sue Stott's holds in the Property and whether or not those interests are subject to Kabbash's judgment lien?</u>

In a case such as this, the Court has discretion under 28 United States Code § 1334(a)(c)(1) to hear the matter or to refer it to Louisa County Circuit Court.

Bankruptcy Courts are frequently called upon to determine property interests. In *In re Becker*, 136 BR 113, 116 (Bankr. N. J. 1992) the court said that what constitutes property of a bankruptcy estate is a federal question. The court continued, observing that the determination of the extent of a bankruptcy estate's interest in property in which the debtor has an interest arises under the Bankruptcy Code and in bankruptcy cases. The court finally noted that such a determination is a core proceeding.

*Ragsdale v. Genesco, Inc.*, 674 F. 2d 277 (1982) illustrates the type of property interest determinations made by Bankruptcy Courts. *Ragsdale*, a Fourth Circuit case from Virginia, affirmed the Bankruptcy Court's denial of an exemption involving real property. In that case, husband and wife debtors owned property as tenants by the entirety. The Bankruptcy Court was called upon to decide if a judgment creditor's judgment lien attached to the property, and in reaching its decision the Court had to interpret Virginia real estate law.

The Court, in addition to having jurisdiction and authority to adjudicate the matters raised in these adversary proceedings, should also adjudicate those issues for additional reasons.

Judicial efficiency would be promoted. All the necessary parties are before the Court.

Referral of any issues to the Louisa County Circuit Court would be time consuming and would delay the administration of this Chapter 13 case.

There is no issue for the Louisa County Circuit Court to decide. It has already declared the occurrence of equitable conversion, an election made by Sue Stotts, and all that remains to be done is to order the execution and delivery of a deed. This Court can make that same order.

The expense to the parties would be reduced by retaining jurisdiction in this Court.

## CONCLUSION

For the foregoing reasons, Kabbash asks the Court to retain jurisdiction of this proceeding, to determine that Sue Stotts owns 100% of all interests in the Property, and to rule that there is sufficient equity in the Property to pay Kabbash's claim in full.

Respectfully Submitted,

CHARLES KABBASH

By: /s/ Ralph E. Main, Jr.
      Counsel

Ralph E. Main, Jr.
VSB # 13320
Dygert, Wright, Hobbs & Heilberg, PLC
415 Fourth Street, N.E.
Charlottesville, Virginia 22902
Telephone:    434-979-5515
Facsimile:    434-295-7785
rmain@charlottesvillelegal.com

### Certificate

I hereby certify that on March 27, 2017 the foregoing brief was electronically served on the Trustee and all counsel of record.

/s/ Ralph E. Main, Jr.

6